1  SEYFARTH SHAW LLP
   Andrew M. Paley (SBN 149699)
2  E-mail: apaley@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, CA  90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Alfred L. Sanderson, Jr. (SBN 186071)
6  E-mail: asanderson@seyfarth.com
   Brandon R. McKelvey (SBN 217002)
7  E-mail: bmckelvey@seyfarth.com
   400 Capitol Mall, Suite 2350
8  Sacramento, California  95814-4428
   Telephone:  (916) 448-0159
9  Facsimile:  (916) 558-4839

10 Attorneys for Defendants
   PROSPECT MORTGAGE, LLC
11
   NICHOLS KASTER, LLP
12 Robert L. Schug (SBN 249640)
   Email: rschug@nka.com
13 Matthew C. Helland (SBN 250451)
   Email: helland@nka.com
14 One Embarcadero Center, Suite 720
   San Francisco, CA 94111
15 Phone: 415-277-7235
   Fax:    415-277-7238
16
   Attorneys for Plaintiffs
17

18              UNITED STATES DISTRICT COURT

19           EASTERN DISTRICT OF CALIFORNIA

20 ELIZABETH SLIGER, CAROL DION and   ) Case No. 2:11-CV-00465-LKK-EFB
   SCOTT AVILA, individually, on behalf of  )
21 others similarly situated, and on behalf of the  ) **STIPULATION AND PROTECTIVE**
   general public,                     ) **ORDER REGARDING DISCOVERY**
22                                     )
                Plaintiffs,            )
23                                     )
          v.                          ) Complaint Filed: October 18, 2010
24                                     )
   PROSPECT MORTGAGE, LLC, and DOES 1- )
25 50, inclusive,                      )
                                       )
26            Defendants.              )

27

28

1    In accordance with Federal Rule of Civil Procedure 26(c), and for good cause shown, IT

2    IS HEREBY ORDERED:

3    1.    This Protective Order shall apply to all information produced by the parties to this

4    action during the course of discovery in this litigation, including document productions,

5    interrogatory answers, responses to requests for admissions, depositions, and discovery materials

6    otherwise produced or provided to the parties by non-parties pursuant to judicial procedures

7    (collectively defined as "Litigation Materials").

8    2.    In producing or disclosing Litigation Materials, any party may designate as

9    "Confidential" any portion of any Litigation Materials that it believes, in good faith, constitutes

10    or contains non-public, highly sensitive, private, confidential, trade secret information or

11    proprietary information (collectively defined as "Confidential Materials").

12    3.    In producing or disclosing Litigation Materials, any party may designate as

13    "Highly Confidential Information – Attorneys' Eyes Only," any Litigation Materials that are

14    particularly sensitive and constitute or contain non-public, highly sensitive, private, confidential,

15    trade secret information or proprietary information (collectively defined as "Highly Confidential

16    Materials").

17    4.    All Confidential Materials and Highly Confidential Materials made available in

18    the course of the litigation of this case shall be used solely for the purposes of preparing for and

19    conducting the litigation of this case and for no other purpose whatsoever.  No Confidential

20    Materials or Highly Confidential Materials may be used or disseminated except in accordance

21    with the terms of this Protective Order.

22    5.    The parties may designate Litigation Materials as "Confidential" or "Highly

23    Confidential Information-Attorneys' Eyes Only" at or before production or disclosure by (a)

24    stamping or otherwise writing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

25    ATTORNEYS' EYES ONLY" on the Litigation Materials or (b) by an alternative method

26    acceptable to all parties.  In the event that Litigation Materials that are not designated initially as

27    confidential or highly confidential-attorneys' eyes only are later designated as such, they shall

28    thereafter be treated as confidential or highly confidential-attorneys' eyes only Litigation

1   Materials in accordance with this Protective Order.

2      6.  Parties may designate depositions or other testimony as confidential or highly

3   confidential-attorneys' eyes only by any one of the following means:  (a) stating orally on the

4   record that the information is confidential or highly confidential-attorneys' eyes only and the

5   portions for which such designation is made, on the day that testimony is given; or (b) sending

6   written notice designating information as confidential or highly confidential-attorneys' eyes only

7   within fifteen days after receipt of a final transcript thereof.  All information disclosed during a

8   deposition shall be treated as if it were confidential unless and until the fifteen-day period set

9   forth in this paragraph has expired without any written designation notice having been sent.

10  Failure to designate depositions or other testimony as confidential or highly confidential-

11  attorneys' eyes only within this fifteen-day period, however, does not preclude a party from

12  doing so later in accordance with this order.

13     7.  Litigation Materials designated "Confidential" and any copies thereof or

14  information contained therein shall be maintained in confidence by the attorney of record to

15  whom such Litigation Materials are produced or disclosed and such Litigation Materials and/or

16  the information contained in such Litigation Materials shall be disclosed only to the following

17  Qualified Persons:

18     (a)  Parties to the litigation, including employees of parties to the extent deemed

19  reasonably necessary by counsel for the party for assistance in prosecuting or defending this

20  case;

21     (b)  Counsel for the parties, including both outside counsel and in-house counsel for

22  the parties;

23     (c)  Legal, paralegal, non-technical, and clerical staff employed by counsel for the

24  parties for the preparation of and trial of this action who have been advised of this Order;

25     (d)  Private court reporters or notaries public engaged by the parties in their official

26  capacities;

27     (e)  Persons appearing as deponents or witnesses on behalf of the party who has

28  produced or disclosed the confidential Litigation Materials, or on whose behalf such confidential

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

1    Litigation Materials have been produced or disclosed;

2         (f)    Independent third-party experts or consultants retained by the parties to furnish

3    expert services or advice or to give expert testimony who have been advised of this Order and

4    who are not employed by any competitors of Prospect Mortgage, LLC;

5         (g)    Former and current employees of defendant who do not fall into the categories

6    above;

7         (h)    Any third-party mediator selected by the parties or appointed by the Court; and

8         (i)    The Court and court personnel.

9         8.    Litigation Materials designated "Highly Confidential-Attorneys' Eyes Only" and

10   any copies thereof or information contained therein shall be maintained in confidence by the

11   attorney of record to whom such Litigation Materials are produced or disclosed and such

12   Litigation Materials and/or the information contained in such Litigation Materials shall be

13   disclosed only to the following Qualified Persons:

14        (a)    Counsel for the parties, including both outside counsel and in-house counsel for

15   the parties;

16        (b)    Legal, paralegal, non-technical, and clerical staff employed by counsel for the

17   parties for the preparation of and trial of this action who have been advised of this Order;

18        (c)    Private court reporters or notaries public engaged by the parties in their official

19   capacities;

20        (d)    Independent third-party experts or consultants retained by the parties to furnish

21   expert services or advice or to give expert testimony who have been advised of this Order and

22   who are not employed by any competitors of Prospect Mortgage, LLC;

23        (e)    Any third-party mediator selected by the parties or appointed by the Court; and

24        (f)    The Court and court personnel.

25        9.    Before any person is given access to Confidential Materials pursuant to ¶7(b)-(d)

26   or Highly Confidential Materials pursuant to ¶8(a)-(c), such person shall be specifically advised

27   of the existence and requirements of this Protective Order.  In addition, before any person is

28   given access to Confidential Materials pursuant to ¶7(a), (e)-(h) or Highly Confidential Materials

1    pursuant to ¶8(d)-(e), such person shall be provided with a copy of this Protective Order and

2    shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to

3    be bound by its terms.  Counsel of record shall maintain possession of an executed copy of this

4    Protective Order and shall provide a copy of it to each Qualified Person executing the

5    acknowledgment and agreement appended as Exhibit A.  A copy of the acknowledgment and

6    agreement to be bound by the terms of this Protective Order signed by each person falling within

7    the terms of this Protective Order shall be made available to opposing counsel upon request.

8    Nothing in this paragraph, however, shall require the disclosure of the identity of experts retained

9    by the parties.  Any individual who is a plaintiff in this matter may be shown Litigation Materials

10   marked "Confidential," pursuant to this paragraph, but they may not retain copies of any

11   Litigation Materials marked "Confidential," except for periods of short duration necessary to

12   prepare for hearings, depositions, or trial in this matter.

13        10.    If Litigation Material designated confidential or quotations from or references to

14   such materials are to be included in papers filed with or otherwise disclosed to the Court, such

15   papers shall be labeled "Confidential."

16        11.    If any party objects to the designation of any Litigation Materials as

17   "Confidential" or "Highly Confidential-Attorneys' Eyes Only," that party shall so state its

18   objection in a letter to counsel for the party making the designation.  If the dispute cannot be

19   resolved by agreement, the party challenging the designation of any Litigation Material as

20   "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall have the right, on

21   reasonable notice but in any event not less than five (5) days prior to the use of the documents or

22   submission of the documents to the Court, to apply to the Court to have materials designated as

23   not confidential.  Until the Court rules on the motion, Confidential Material and Highly

24   Confidential Material shall continue to be treated as so designated and any papers filed with the

25   Court may not include such Confidential Material or Highly Confidential Material (except as

26   provided for in Paragraph 10), but may refer to them by proper identification, such as Bates

27   Stamp number or date and author.

28

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY

12.     If counsel for any party to the action determines to file with, or submit to, the Court (other than at trial) (a) any Confidential Materials or Highly Confidential Materials, or (b) any pleading or other Document making any reference to the specific content of Confidential Materials or Highly Confidential Materials, the filing party will file a motion for an order permitting filing under seal with the Court in accordance with current District Court procedures and requirements for seeking such filings.  However, if the party filing the Confidential Materials or Highly Confidential Materials was the only party who designated the information and/or documents as Confidential or Highly Confidential-Attorneys' Eyes Only, the filing party may elect at its sole discretion to not file a motion seeking permission to file under seal, but may instead file its own Confidential Materials or Highly Confidential Materials in accordance with regular court practices.  Except by mutual agreement or in the case of an emergency motion, any motion seeking permission from the Court to file under seal must be filed at least five (5) business days before the due date, and, if the Court does not issue a ruling on such motion within two (2) business days preceding the due date, the parties agree that the filing party may file an uncontested motion for an extension of the due date pending the Court's ruling.

If the Court permits the Confidential Materials or Highly Confidential Materials to be filed under seal, the filing may be made electronically or by hand in accordance with the Court's rules and practices.  In the event the Confidential Materials or Highly Confidential Materials are not electronically filed under seal, the sealed envelope in which such Confidential Materials or Highly Confidential Materials are filed shall be prominently marked "CONFIDENTIAL INFORMATION."  The envelope shall also be prominently marked with the case caption and shall state "This envelope, which is being filed under seal, pursuant to the Court's order of [date], contains documents which include Confidential Material."  The envelope in addition to enclosing a hard copy of the Confidential Materials or Highly Confidential Materials shall have a disk or CD-ROM containing the Confidential Materials or Highly Confidential Materials in PDF format.  One copy of any Confidential Materials or Highly Confidential Materials filed with the Court shall be furnished to the other Party.

1    A party who files a motion for an order permitting the filing of Confidential Materials or

2  Highly Confidential Materials under seal, whether contested or uncontested, may include in the

3  same motion a request for an authorization to redact confidential information not relevant to the

4  purpose of the filing of the Confidential Materials or Highly Confidential Materials.

5    13.    Nothing in this Protective Order shall prevent any party from disclosing its own

6  confidential Litigation Materials as it deems appropriate and any such disclosure shall not be

7  deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the

8  Protective Order.

9    14.    If a party to this Protective Order in possession of Litigation Materials receives a

10  subpoena from a non-party seeking the production or other disclosure of Litigation Materials,

11  whether or not such materials have been designated as confidential, that party shall immediately

12  give written notice to counsel of record for the party who provided the Litigation Materials being

13  sought, which such notice shall include a copy of the subpoena.  Where possible, at least ten

14  days' notice before production or other disclosure should be given.  In no event shall production

15  or disclosure be made before telephone notice is given and, whenever possible, sufficiently in

16  advance of production or disclosure to afford the party to whom such notice has been given, at

17  least ten business days, to take appropriate action, including seeking judicial relief.

18    15.    By this Protective Order, the parties do not waive any rights to object to any

19  discovery request, seek any further protective order, or seek relief from the Court from any

20  provision of this Protective Order by application on notice on any grounds.

21    16.    This Protective Order shall not control the use of any evidence during the trial or

22  any hearing of this case.  However, nothing herein shall preclude either party from seeking the

23  assistance of the Court in maintaining the confidential nature of any evidence that is presented at

24  hearing or trial.

25    17.    The fact that discovery material is designated confidential or that such material is

26  disclosed in this litigation shall not be construed in any other context or proceeding before any

27  court, agency or tribunal as a waiver or admission that such information is or is not confidential

28  or proprietary.

1    18.    This Protective Order shall not apply to any materials that are publicly available.

2    19.    The inadvertent production or disclosure of any Litigation Material in discovery

3    or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or

4    obligations arising from or related to this Protective Order, provided the party making such

5    production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent

6    production or disclosure and to remedy the inadvertent production or disclosure upon the

7    discovery thereof.

8    20.    The parties may modify the provisions of this Protective Order at any time by

9    stipulation approved by order of the Court, or, if no stipulation can be obtained, by motion.

10   21.    Upon final resolution of this matter, all Confidential Materials and Highly

11   Confidential Materials will be returned to the producing party, or destroyed and certified as

12   destroyed, at the option of the producing party, within forty-five days.  Notwithstanding anything

13   contained herein to the contrary, counsel for the Parties may retain copies of all transcripts and

14   work product, including, but not limited to pleadings, briefs, correspondence and memoranda

15   that are claimed to contain Confidential Information or Highly Confidential Information.  Such

16   materials shall remain subject to this Protective Order, which shall survive the termination date.

17   22.    This Protective Order shall be binding upon the parties upon their signature hereto

18   and by signing hereto each party agrees to comply with the terms of this Protective Order and to

19   be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon

20   this stipulation, and even if the Court does not enter the proposed Protective Order based upon

21   this stipulation.  In the event that the Court does not enter the proposed Protective Order based

22   upon this stipulation, the parties shall in good faith negotiate any terms that the Court finds

23   objectionable.

24   DATED:  February 27, 2012.

25                                   EDMUND F. BRENNAN
26                                   UNITED STATES MAGISTRATE JUDGE

27

28

AGREED TO:

NICHOLS KASTER, LLP


By___/s/ Robert L. Schug_____
        Matthew C. Hellend
        Robert L. Schug
Attorneys for Plaintiffs
ELIZABETH SLIGER, CAROL DION and
SCOTT AVILA, et al.


SEYFARTH SHAW LLP


By___/s/ Brandon R. McKelvey_____
        Brandon R. McKelvey
Attorneys for Defendants
PROSPECT MORTGAGE, LLC

**EXHIBIT A**

**ACKNOWLEDGMENT**

1.      I, the undersigned, hereby acknowledge that I have read the Order entered into in the United States District Court, Eastern District of California, in the action titled *Elizabeth Sliger, Carol Dion And Scott Avila et al. v. Prospect Mortgage, LLC*, Case Number 2:11-CV-00465-LKK-EFB, governing confidential information disclosed in this action.

2.      I understand the terms of the Order and agree to be bound by such terms.

3.      I understand and agree that any documents, material or information designated or marked Confidential or Highly Confidential-Attorneys' Eyes Only shall only be used for purposes of this litigation.

4.      I consent to personal jurisdiction within the State of California with respect to any proceeding commenced to enforce the Order, including proceedings relative to contempt of Court.


Executed this _____ day of _____, 2011, at _____ [city], _____[state].

_____

Print Name:_____

Address: _____

_____

Employer: _____

13906434v.5

10

STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY