UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SLIGER, CAROL DION and SCOTT AVILA, individually, on behalf of others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

PROSPECT MORTGAGE, LLC, and DOES 1 through 50, inclusive,

Defendants.

_______________________________/

NO. CIV. S-11-465 LKK/EFB

O R D E R

On July 16, 2012, the parties filed a Stipulation to Modify Status (Pretrial Scheduling) Conference Order. ECF No. 147. The parties represent that they are actively engaged in settlement discussions, and wish to continue the dates in the Status Conference Order by 90 days.

This court's status conference order stated that the dates in the order "shall not be modified except by leave of court upon a showing of good cause," and that "agreement by the parties pursuant

to stipulation does not constitute good cause." Status (Pretrial Scheduling) Conference Order, ECF No. 64 at 10. Although the court is not satisfied that any extraordinary circumstances constituting good cause have been shown here, the court does not wish to interfere with settlement discussions between the parties. Accordingly, the court ORDERS as follows:

[1] The Status (Pretrial Scheduling) Conference Order is modified as follows:

a. All law and motion except as to discovery shall be left open, save and except it shall be conducted so as to be completed by February 22, 2013.

b. All discovery shall be left open, save and except that it shall be so conducted as to be completed by December 21, 2012.

c. Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of the court and so that such motions will be heard not later than November 16, 2012.

d. The Final Pretrial Conferences is SET for May 28, 2013 at 1:30 p.m.

e. Trial is SET for August 27, 2013 at 10:30 a.m.

[2] Counsel for both sides are SANCTIONED in the amount of one hundred and fifty dollars ($150). This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order.

Counsel SHALL file an affidavit accompanying the payment of their sanctions which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or any way made the responsibility of the client as attorneys' fees or costs.

[3] Counsel for both sides are cautioned not to request any further modification of the scheduling order without good cause, even by stipulation. Doing so shall be cause for sanctions in an amount no less than $500.

IT IS SO ORDERED.

DATED: July 23, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT