UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SLIGER, CAROL
DION and SCOTT AVILA,
individually, on behalf
of others similarly situated,
and on behalf of the general
public,

                                    NO. CIV. S-11-465 LKK/EFB

      Plaintiffs,

  v.

PROSPECT MORTGAGE, LLC, and           O R D E R
DOES 1 through 50, inclusive,

      Defendants.
_____/

    Presently before the court is the parties' joint stipulation to decertify the collective action herein. The court declines to enter the parties' proposed order for the reasons set forth below.

**I. Procedural Background**

    On October 18, 2010, plaintiffs Elizabeth Sliger,[1] Carol Dion,

---

[1] Sliger was dismissed without prejudice as a named plaintiff by order dated November 2, 2011. (ECF No. 80.) Dion and Avila remain as named plaintiffs and class representatives.

1

1  and Scott Avila filed the instant wage and hour class and
2  collective action against defendant Prospect Mortgage, LLC.
3  Plaintiffs were formerly employed as loan officers by Prospect.
4      In their First Amended Complaint ("FAC," ECF No. 25),
5  plaintiffs pleaded two causes of action under the federal Fair
6  Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"): 1) failure
7  to pay overtime and 2) failure to pay minimum wage. They also
8  pleaded six causes of action under California law: 1) failure to
9  pay overtime; 2) failure to pay minimum wage; 3) waiting time
10 penalties; 4) failure to provide itemized wage statements;
11 5) failure to provide and/or authorize meal and rest periods; and
12 6) violations of the unfair competition law.
13     On June 28, 2011, plaintiffs filed a motion for conditional
14 certification of the case as a collective action under FLSA, 29
15 U.S.C. § 216(b). (ECF No. 58.) After hearing oral argument, the
16 court granted plaintiffs' motion, and directed the parties to file
17 a joint proposal for notice to the collective. (ECF No. 71.) On
18 October 13, 2011, the court entered its order approving the
19 parties' proposed procedure for notice and the form of notice. (ECF
20 No. 77.) According to the parties, approximately 595 individuals
21 have subsequently opted in to the collective as plaintiffs. (ECF
22 No. 155.)
23     The parties now wish to decertify the case as a collective
24 action. Their stipulation (ECF No. 155) recites the following
25 facts:
26   • Over the past year, the parties have conducted written

1         discovery and taken a number of depositions.
2    •    Despite two settlement conferences and a day-long
3         mediation, the parties have been unable to reach
4         settlement.
5    •    Defendant has notified plaintiffs that it intends to file
6         a motion to decertify the collective action.
7    •    The parties wish to avoid the "cost and expense of
8         discovery and motion practice associated with a motion to
9         decertify [and therefore] stipulate that this matter
10        should no longer proceed as a collective action under 29
11        U.S.C. § 216(b) and that the individual opt-in
12        plaintiffs, who so choose, may pursue their individual
13        claims in other forums."
14   •    The remaining named plaintiffs, Avila and Dion, will
15        continue to proceed individually in this action.

**II. Analysis of the Proposed Order**

The terms of the proposed order submitted to the court are discussed in turn below.

    **A. Decertification**

The proposed order provides: "(1) The collective action previously conditionally certified on August 24, 2011...is hereby decertified and this case shall no longer proceed as a collective action under 29 U.S.C. § 216(b)."

The court has no objection to entering such an order on the parties' stipulation.

////

**B. Dismissal of opt-in plaintiffs without prejudice**

The proposed order also provides: "(2) All opt-in plaintiffs (other than the named Plaintiffs Carol Dion and Scott Avila) who have filed consent forms in this action are hereby dismissed without prejudice so that those who so choose may refile their individual claims in other forums."

Again, the court has no objection to entering such an order on the parties' stipulation.

**C. Tolling of statute of limitations**

The proposed order then provides: "(3) The statute of limitations on the opt-in plaintiffs' individual claims alleged in this lawsuit, including California state law claims for opt-in plaintiffs who worked in California, is hereby tolled for ninety (90) days from the date of this Order to allow those opt-in plaintiffs, who so choose, to refile their individual claims in other forums."

The court declines to enter such an order. The statute of limitations for collective actions under 29 U.S.C. § 216(b) operates quite differently from that for class actions certified under Fed. R. Civ. P. 23:

> Unlike Rule 23 class actions in which the statute of limitations will be tolled for all class members until the class-certification decision has been made, or until an individual class member opts out, the statute of limitations for a plaintiff in a collective action will be tolled only after the plaintiff has filed a consent to opt in to the collective action. Like class suits, however, the statute of limitations for opt-in plaintiffs will begin to run again if the court later decertifies the collective action.

4

7B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1807 (3d ed. 2012). In other words, the statute of limitations is tolled for a shorter period for plaintiffs who opt in to a collective action than it would be if their claims were brought as part of a federal class action. Upon decertification of the collective, therefore, it is critical to preserve opt-in plaintiffs' ability to timely file individual actions.

Defendant Prospect previously filed a declaration by Kevin Tackaberry, its Chief Human Capital Officer, which provided that the firm has 160 offices in 27 states. (ECF No. 65-3.) The court is reluctant to enter an order that would presume to equitably toll the applicable statute of limitations in state and federal courts in so many jurisdictions.[2]

The question of whether a court should exercise its equitable powers to toll the statute of limitations calls for nuanced inquiry, not mechanical application of another court's order. See, e.g., Lantzy v. Centex Homes, 73 P.3d 517, 523 (Cal. 2003) ("This court has applied equitable tolling in carefully considered situations"); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990) ("We do not think equitable tolling should bring about an automatic extension of the statute of limitations by the length of the tolling period or any other definite term. It is, after all, an equitable doctrine"); Hooper v. Ebenezer Sr. Services

---

[2] 29 U.S.C. § 216(b) provides that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction...."

1  and Rehabilitation Center, 687 S.E.2d 29, 33 (S.C. 2009)
2  ("Equitable tolling may be applied where it is justified under all
3  the circumstances").
4       It is admittedly common for federal district courts to toll
5  the statute of limitations for individual actions in granting
6  decertification motions in collective actions under FLSA. See,
7  e.g., Beauperthuy v. 24 Hour Fitness USA, Inc., 772 F.Supp.2d 1111,
8  1134 (N.D.Cal. 2011) ("To avoid prejudice to individual opt-in
9  Plaintiffs who may choose to file their own cases, the Court
10 invokes its equity powers to toll the applicable statutes of
11 limitations for 30 days after the entry of this Order"); Proctor v.
12 Allsups Convenience Stores, Inc., 250 F.R.D. 278, 284 (N.D.Tex.
13 2008) (tolling statute of limitations for opt-in plaintiffs for 30
14 days); Ulvin v. Northwestern Nat. Life Ins. Co., 141 F.R.D. 130
15 (D.Minn. 1991) ("The claims of the thirty opt-ins are DISMISSED
16 with leave to file individual claims within sixty days of entry of
17 this order").
18      Moreover, the court is of the view that the opt-in plaintiffs
19 ought to have a reasonable period of time to file their individual
20 lawsuits after they receive notice of decertification.
21      But rather than achieving this goal through court order, the
22 better approach would be for defendant Prospect to stipulate that,
23 in the event that it raises the statute of limitations in an action
24 brought by one of the opt-in plaintiffs, it will agree to extend
25 any limitations period it asserts by 90 days.
26      Accordingly, the court declines to enter the proposed order.

**D. Restrictions on seeking class or collective relief**

The proposed order goes on to provide: "(4) No opt-in plaintiff who chooses to file his/her individual claims in another forum may file any claims on behalf of a proposed collective or proposed class, but rather all opt-in plaintiffs who choose to file individual claims in other forums may do so on behalf of himself/herself and not on behalf of any proposed collective or class."

It would be entirely inappropriate for the court to enter such an order. According to the parties' July 1, 2011 joint status report, "Plaintiffs bring their federal claims as a collective action under the FLSA, 29 U.S.C. § 216(b), and they bring their state claims as a class action under Fed. R. Civ. P. 23." (ECF No. 59.) The report adds: "If the Court conditionally certifies this action as a collective action, Plaintiffs anticipate that other current and former loan officers will join the action pursuant to 29 U.S.C. § 216(b). Plaintiffs also anticipate filing a motion for class certification of their state law claims." (Id.) The parties' subsequent filings indicate no change in this position.

The court conditionally certified the § 216(b) collective action on August 24, 2011. (ECF No. 71.) Plaintiffs have not yet moved for class certification on their state law claims. The law and motion deadline in this matter is February 22, 2013. (ECF No. 149.)

The central inquiry in considering a motion to decertify a

7

collective action is whether the plaintiffs are "similarly situated." Leuthold v. Destination America, Inc., 224 F.R.D. 462, 467 (N.D.Cal. 2004)(V.Walker, J.). To make this determination, the court examines the complete factual record, and evaluates the record in light of "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." Id.

If the court were to decertify based on defendant's motion, its decision would be based on the complete factual record submitted by the parties, the parties' arguments, and the applicable law. As a decision on the merits, such an order would likely preclude other courts from certifying a FLSA collective action brought by opt-in plaintiffs against defendant.[3]

By contrast, decertification based on the parties' stipulation forestalls determination of the merits of allowing plaintiffs to proceed as a FLSA collective. "Judicial actions must achieve a basic minimum quality to become eligible for res judicata effects.... The traditional words used to describe this quality require that there be a judgment that is valid, final, and on the merits." 18A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 4427 (2d ed. 2012). Some judicial resolution of

////

---

[3] As for those individuals who did not opt in, the Ninth Circuit has made clear that "non-parties to a collective action are not subject to claim preclusion." McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007).

8

disputed matters is necessary for a judgment to be res judicata.[4] See id. at § 4443 ("To the extent that individual issues or entire judgments rest on admission or consent, however, a major element of preclusion is missing."). If the court were to merely enter an order that precluded the opt-in plaintiffs from seeking collective relief elsewhere, without making a determination as to the merits, other courts would likely be forced to interpret the validity of this court's order, thereby raising a significant risk of inconsistent determinations.

These difficulties are exacerbated when considering plaintiffs' state law claims. The FLSA causes of action received some airing when plaintiffs moved for, and the court granted, conditional certification of the collective action. But plaintiffs have not sought class certification on their state law causes of action. Without any consideration of the merits, it is questionable whether the court's order could be enforced to bar class certification in other forums. To terminate plaintiffs' rights to seek class relief in any state or federal forum based solely on the parties' stipulation seems like a gross overreach.

Not having had the opportunity to consider the merits of the opt-in plaintiffs' claims, the court declines to terminate their

---

[4] Wright & Miller use the term "res judicata" to encompass the dual doctrines of issue and claim preclusion. See id. at § 4402 ("Although the time has not yet come when courts can be forced into a single vocabulary, substantial progress has been made toward a convention that the broad 'res judicata' phrase refers to the distinctive effects of a judgment separately characterized as 'claim preclusion' and 'issue preclusion.'").

9

ability to seek class or collective relief in another proceeding.

**E. Named plaintiffs shall proceed individually**

The proposed order next provides: "(5) The named Plaintiffs, Scott Avila and Carol Dion, will continue to proceed individually without any tolling in this Court on the schedule set forth in the Court's latest scheduling order."

This is a standard provision in orders decertifying collective actions. See, e.g., Proctor, 250 F.R.D. at 284 ("The claims of Plaintiffs Lesa Proctor and Duncan Proctor remain pending herein for trial."). Accordingly, the court has no objection to entering such an order on the parties' stipulation.

**F. Joinder**

The proposed order finally provides: "(6) Nothing in this Order shall preclude any opt-in plaintiffs from seeking non-class/non-collective joinder in another forum pursuant to Federal Rule of Civil Procedure or any other applicable Federal Rule of Civil Procedure or Local Rule governing joinder. Moreover, nothing in this Order shall preclude Prospect from objecting or otherwise opposing joinder."

The opt-in plaintiffs and defendant Prospect would have these rights irrespective of any order. Accordingly, the court has no objection to entering such an order on the parties' stipulation.

**G. Notice**

The court is additionally concerned that the stipulation and proposed order do not provide for notice to the opt-in plaintiffs of the proposed decertification and their rights to file individual

10

lawsuits. When granting motions to decertify collective actions, district courts regularly require that notice of decertification be provided to opt-in plaintiffs. See, e.g., Smith v. Heartland Automotive Services, Inc., 404 F.Supp.2d 1144, 1155 n.9 (D.Minn. 2005) ("The Court assumes that Plaintiffs' counsel will furnish a copy of this Order to the opt in plaintiffs and advise them of their rights with respect to individual claims...."); Johnson v. TGF Precision Haircutters, Inc., No. H-03-3641, 2005 WL 1994286 at *8, 2005 U.S. Dist. LEXIS 44259 (S.D.Tex. 2005) ("The Clerk shall notify all parties and provide them with a signed copy of this Order"). Particularly instructive is Lusardi v. Lechner, 855 F.2d 1062 (3rd Cir. 1988), in which the plaintiffs sought a writ of mandamus following a district court's decertification of an opt-in collective action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA").[5] The Third Circuit reviewed the notice that the district court had ordered the parties to send to the opt-in claimants after decertification, and found it both confusing (in its statement of the applicable statute of limitations) and erroneous (in its statement that ADEA required exhaustion of administrative remedies). The appeals court

---

[5] Because the ADEA (specifically, 29 U.S.C. § 626(b)) incorporates the FLSA enforcement provisions set forth in 29 U.S.C. § 216(b), courts commonly apply caselaw interpreting § 216(b) under one statutory scheme in deciding cases involving the other statutory scheme. See, e.g., Hoffman v. Construction Protective Services, Inc., No. 03-1006, 2004 WL 5642136 (C.D.Cal. 2004) (applying Hoffmann–LaRoche Inc. v. Sperling, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) in approving conditional certification of FLSA collective action).

11

ultimately issued a writ of mandamus that, in pertinent part, ordered the district court to modify the notice to clarify the applicable statute of limitations and to correct the error of law. Given the rarity with which the federal Circuit Courts issue writs of mandamus, the Lusardi decision speaks to the importance of proper notice in the context of decertification.

Any order to decertify the collective action must provide for clear, accurate, and timely notice to the opt-in plaintiffs of their rights upon decertification.

**H. Final notes**

The court commends the parties' desire to avoid spending unnecessary resources — both their own and the court's — on a decertification motion, particularly when they already agree that the collective action should be decertified. But the decertification order cannot be gilded with terms that could not be obtained through a motion. Specifically, the court will not approve a decertification order that requires other courts to toll the statute of limitations, that bars the opt-in plaintiffs from seeking collective or class relief if they so choose, and that does not provide opt-in plaintiffs with adequate notice of decertification and their rights thereon.

Finally, plaintiffs' counsel should keep in mind that, so long as this collective action remains certified, they owe a fiduciary duty to the opt-in plaintiffs. Any future stipulation to decertify the collective ought not prejudice these plaintiffs' ability to seek relief in future actions.

**V. Conclusion**

Accordingly, the court DECLINES to enter the parties' proposed order.

IT IS SO ORDERED.

DATED: November 29, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13